[Civ. No. 12712.   First Dist., Div. One.   Nov. 10, 1944.]

Estate of MARY I. WATTSON, Deceased.   FLORENCE I.
WATTSON McLEAN, Appellant, v. LEONARD WATT-
SON, Respondent.

Joseph W. Bernal and Jean Bernal for Appellant.

John D. Harloe for Respondent.

KNIGHT, J.—This appeal involves the question of whether
the construction placed by the probate court on the trust
clause of a will is reasonable.

The testatrix, Mary I. Wattson, died September 22, 1940,
leaving an estate consisting of corporate stock, uncollected
dividends, bank deposits, and one piece of residential prop-
erty, all of the approximate value of $19,420.   Her surviving
heirs were two nephews, Leonard and George Wattson, aged

respectively thirty-four and twenty-six years at the time of her death. By her will, dated January 17, 1936, she provided first for the payment of several cash legacies. She then, in separate clauses identical in form, bequeathed one-half of the residue of her estate to the mother of Leonard Wattson in trust for him until he reached the age of thirty-five years, and the other half to the mother of George Wattson until he attained the age of thirty-five. The will was admitted to probate on October 9, 1940, and in less than a year thereafter George Wattson died. At the time of his death he was less than twenty-eight years old, and married; but he left no issue; and within a few months after his death his widow again married. She became Mrs. McLean, and on September 3, 1943, she filed a petition for the purpose of having the probate court determine who was entitled to receive the corpus of the George Wattson trust. The court held that the law of succession governed and that therefore Leonard Wattson was entitled to receive one-half of the trust fund and Mrs. McLean the other half. Mrs. McLean has appealed, it being her main contention that under the trust clause, properly construed, she is entitled to receive the entire trust fund.

The clause in question reads as follows: "SIXTH: I hereby give, devise and bequeath one-half of the residue of my estate to my sister-in-law, Margaret Wattson, in trust, nevertheless, for the following uses and purposes:

"To pay the net income therefrom to her son, George Wattson, until he shall attain the age of thirty-five years, when the entire corpus and all undistributed income shall go to and vest in him. Should he die before attaining the age of thirty-five years leaving issue, the trust shall continue until he would have attained that age had he lived and then terminate, the net income during that period to be paid to his issue share and share alike. Upon said termination the corpus shall go to, and vest in, said issue then living share and share alike, and in default of issue the trust shall immediately terminate upon the death of the last issue and the corpus and all undistributed income shall thereupon go to, and vest in, those [who] would be his heirs according to the statute of succession then in force in the State of California, assuming that he died coincident with the termination of the trust."

The probate court's decision that the law of succession was controlling and that thereunder the trust fund should be di-

vided equally between respondent and appellant is based upon the following grounds: That although the trust clause of the will provides for the disposal of the corpus of the trust in the event that George Wattson should die before reaching the age of thirty-five, *and leave issue,* no provision is made therein, or elsewhere in the will, for the distribution of the trust fund in the event he should die before reaching thirty-five *without issue;* that since the latter contingency had arisen the trust lapsed upon his death and that as to the portion of the estate covered by the trust, the decedent, Mary I. Wattson, died intestate; and that such being the case the law of succession is controlling as to the distribution of that portion of the estate. The court then goes on to hold that since at the time of the decedent's death her only surviving heirs were her two nephews, one of them, Leonard Wattson, then living, was entitled to receive one-half of the corpus of the lapsed trust, and that Mrs. McLean, as sole heir of the deceased nephew, George Wattson, was entitled to the other half.

An analysis of the trust clause supports the construction so placed thereon by the probate court. As will be noted, the entire trust clause is composed of three separate sentences. The first provides that the income from the trust fund shall be paid to George Wattson up to the time he reaches the age of thirty-five years, and that upon attaining that age he shall be paid the entire corpus of the trust and the undistributed income therefrom; and the remaining two sentences provide for the disposition of the corpus of the trust and the income only in the event George Wattson should die "before attaining the age of thirty-five years *leaving issue*" (italics ours). In such event, according to the second sentence, the issue become the beneficiaries and receive the income until such time as the original beneficiary would have reached the age of thirty-five, at which time the trust would terminate and the corpus thereof vest in his issue then living; and in the last sentence it is provided merely that if all of the issue died between the time the original beneficiary died and that date on which he would have attained the age of thirty-five, "upon the death of the last issue" the trust would "immediately terminate" and the corpus and the undistributed income be paid to those who would have been the heirs of the original beneficiary, had he died when the last issue died. In other words, nowhere in the trust clause, nor elsewhere in the will,

is there any provision made for the disposal of the corpus of the trust in the event the original beneficiary died *without issue,* before reaching the age of thirty-five years. Whether the omission of such a provision was inadvertent or intentional makes no difference, for the reason that since it is not in the will, it is beyond the power of the courts to rewrite the will and supply it.

Appellant's contention that she is entitled to the entire trust fund is based upon the theory that the trust clause, properly construed, provides that if the original beneficiary named therein should die without issue, before reaching the age of thirty-five, the trust should terminate immediately and the corpus thereof go to his heirs; and that accordingly under such construction and the law of succession she is entitled, as sole heir of the original beneficiary, to receive the entire corpus of the trust. The argument advanced in support of such theory rests largely upon the words "in default of issue" found in the last sentence of the trust clause. In this respect appellant argues that the last sentence provides for the termination of the trust and the vesting of the trust fund either in the event the original beneficiary should die before reaching the age of thirty-five years, leaving no issue, or in the event the surviving issue shall have died before the time the original beneficiary would have attained the age of thirty-five years.

If that portion of the last sentence in which the words above quoted are made a part had provided simply: ". . . and in default of issue the trust shall immediately terminate" and then had gone on to provide that thereupon the trust fund should go to the heirs of the beneficiary, etc., there would be some support for appellant's argument. But that portion of the last sentence is not so written. It reads: ". . . and in default of issue the trust shall immediately terminate *upon the death of the last issue*" (italics ours). It will be seen, therefore, that to adopt the construction contended for by appellant would necessitate changing materially the wording of that portion of the last sentence, by eliminating entirely therefrom the qualifying words "upon the death of the last issue"; and it is well settled that it is not within the province of the courts, by way of construction, thus to break the continuity of the language of a will and disregard some portions thereof, when read as a whole it is susceptible of a reasonable interpretation not inconsistent with other provisions of the will.

Appellant makes the alternative contention that if it should be held that the George Wattson trust is invalid for uncertainty, then the Leonard Wattson trust must likewise fail for the same reason, in which event the entire residue of the estate, after the payment of the cash legacies, would be subject to distribution under the law of succession; and that being so, that as sole heir of George Wattson she would be entitled to receive one-half of the entire residue of the estate. It is unnecessary, however, to give attention to this alternative contention, for it has not been held that the George Wattson trust is invalid for uncertainty, or for any other reason. To the contrary, the probate court has held in effect that to the full extent of the provisions contained in the George Wattson trust it is valid. But, as pointed out, because of the absence therefrom and from the will of any provision for the disposal of the trust fund in the event George Wattson died without issue, the law of succession must govern in the distribution thereof.

The point urged by respondent that under the terms of the trust appellant is not entitled to receive any portion of the corpus of the George Wattson trust is obviously based on an erroneous construction of the trust clause and need not be here considered for the reason that respondent took no appeal from any portion of the probate court's decision.

The judgment and order appealed from are affirmed.

Peters, P. J., and Ward, J., concurred.